**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LUIS FELIPE JUAREZ ALVARADO,
               *Petitioner*,

               v.

ERIC H. HOLDER, JR., Attorney
General,
               *Respondent*.

No. 10-71236

Agency No.
A017-929-244

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 4, 2014—Seattle, Washington

Filed July 23, 2014

Before: Raymond C. Fisher, Ronald M. Gould
and Morgan B. Christen, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Immigration

The panel dismissed in part and denied in part Luis Felipe Juarez Alvarado's petition for review of the Board of Immigration Appeals' decision finding him removable because his conviction for attempted possession of a dangerous drug, in violation of Arizona Revised Statute § 13-3407(A)(1), constituted a violation of state law relating to a controlled substance.

The panel dismissed in part for lack of jurisdiction, holding that Alvarado waived before the BIA his argument that Arizona's attempt statute is categorically broader than the federal generic definition. The panel found that, even construed liberally, his pro se brief to the BIA did not raise a general argument about attempt, and that neither the IJ nor the BIA addressed the attempt element of his conviction. The panel also held that Alvarado was not excused from the exhaustion requirement pursuant to 8 U.S.C. § 1252(d)(1), because his argument was not so entirely foreclosed that no remedies were available as of right before the agency.

The panel also denied in part, holding under the modified categorical approach that the government met its burden to prove removability based on attempted possession of methamphetamine, a controlled substance offense. The panel held that although it could not consider the indictment because the count as originally charged was dismissed and

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Juarez Alvarado pled to a lesser charge in a modified count, it could consider a page in the indictment that described the substance as methamphetamine because the statement was specifically incorporated into Alvarado's plea agreement as the factual basis supporting his guilty plea.

## COUNSEL

Miguel A. Estrada and Scott P. Martin (argued), Gibson, Dunn & Crutcher LLP, Washington, D.C., for Petitioner.

Tony West, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Officer of Immigration Litigation, Kerry A. Monaco, Trial Attorney, and Jamie M. Dowd (argued), Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

FISHER, Circuit Judge:

We consider whether the Department of Homeland Security has met its burden of proving that the petitioner, Luis Felipe Juarez Alvarado, is removable from the United States as an alien convicted of a violation of state law relating to a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(B)(i). Juarez Alvarado pled guilty to attempted possession of a dangerous drug, in violation of Arizona Revised Statute § 13-3407(A)(1). He argues that this conviction does not establish his removability for two independent reasons: first, because Arizona's attempt statute is categorically broader than the

federal definition; and second, because the government has not met its burden of establishing under the modified categorical approach that his conviction involved a substance listed in the Controlled Substances Act. We lack jurisdiction to reach the first argument and are not persuaded by the second. Accordingly, we dismiss in part and deny in part his petition for review.[1]

## BACKGROUND

Born in Mexico in 1968, Juarez Alvarado was admitted into the United States as a legal permanent resident before his first birthday. He was placed into removal proceedings after his 2006 conviction for possession of drug paraphernalia, but an IJ granted his application for cancellation of removal in December 2007.

In April 2009, an Arizona grand jury indicted Juarez Alvarado on three counts of drug-related offenses. Count One, the only count pertinent to this petition, alleged that on April 19, 2009, he had "knowingly possess[ed] a dangerous drug, to-wit: methamphetamine, a class four felony," in violation of Arizona Revised Statute § 13-3407(A)(1).

Three months later, Juarez Alvarado entered a written plea agreement, in which he agreed to plead guilty to "Modified Count One: Attempted possession of a dangerous drugs [sic], a class five felony, . . . committed on the 19th day of April, 2009." In exchange, the agreement provided that "Count One, as originally charged" and "Counts Two and Three" would be dismissed. The factual basis section recited:

---

[1] We also dismiss the portion of the petition relating to Juarez Alvarado's pro se argument. *See infra* note 4.

"Please see the attached description of the statutory elements and factual basis for the offense(s) to which the defendant is pleading guilty. The attachment has been prepared by the defense and signed by the defendant." The plea agreement is marked as pages 5–7.

The record also includes an untitled, undated document, marked as page 8, that was signed by Juarez Alvarado, his attorney and the prosecutor.[2] The document recites the text of the relevant statutes and further states:

> On April 19, 2009, I, Luis Felipe Juarez-Alvarado, was stopped for a traffic violation. I had a suspended driver's license at the time and was placed under arrest. My vehicle was searched, and approximately 4.5 grams of methamphetamine was found. When asked, I stated that I paid about $50 for the bag of methamphetamine.

At the bottom of the page is a stamp, signed by the deputy clerk on August 17, 2009, certifying the document to be "a true copy of the original on file" in Juarez Alvarado's criminal case. Juarez Alvarado contends this document "was not part of the plea agreement" and "seems to have been added later, without [his] knowledge or consent."

Juarez Alvarado appeared in court to enter his guilty plea on August 13, 2009. The record does not include a transcript of this proceeding. The court entered a judgment of conviction, finding Juarez Alvarado "guilty of the crime of Modified Count One, Attempted Possession of Dangerous

---

[2] This document is attached as an appendix to this opinion.

Drugs, a Class Five Felony," and sentencing him to 48 months of intensive probation.

Two weeks later, the Department of Homeland Security issued Juarez Alvarado a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i), based on his conviction for a controlled substance offense. Juarez Alvarado, who proceeded pro se throughout administrative proceedings, denied removability and filed a motion to terminate the removal proceedings, contending that his conviction was not "categorically a conviction relating to a substance covered by the CSA," and "DHS has not met its burden of proving the substance for which he was convicted is covered by the CSA." The IJ denied his motion, acknowledging that the controlled substance was not specified in the judgment, but concluding that the drug was identified as methamphetamine in "part of th[e] plea agreement." After determining that Juarez Alvarado was not eligible for cancellation of removal or any other forms of relief, the IJ ordered him removed to Mexico. On appeal, the BIA affirmed the IJ's decision without written opinion.

## STANDARD OF REVIEW

Under 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review questions of law when a final order of removal is predicated on a criminal conviction. *See Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009). Whether a particular conviction constitutes a removable offense is a question of law that we review de novo. *See id.* Where, as here, "the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (quoting

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006)) (internal quotation marks omitted).

## DISCUSSION

We analyze whether a conviction qualifies as a predicate offense for removal purposes by employing the framework the Supreme Court constructed in *Taylor v. United States*, 495 U.S. 575 (1990). *See Mielewczyk*, 575 F.3d at 994. We begin by applying the "categorical approach, examining only the statutory definition of the crime to determine whether the state statute of conviction renders an alien removable under the statute of removal." *Id.* We next apply a "modified categorical approach" if the state statute of conviction is broader than the generic federal offense and is also "divisible," meaning that it "comprises multiple, alternative versions of the crime," at least one of which "correspond[s] to the generic offense." *Descamps v. United States*, 133 S. Ct. 2276, 2284–85 (2013).[3] Under the modified categorical approach, we "consider a limited class of judicially noticeable documents to determine whether the applicable alternative . . . was the basis of the conviction." *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1241 (9th Cir. 2014).

---

[3] Throughout this opinion, we rely on cases arising out of the criminal sentencing context, rather than the immigration context. "[W]here a statute 'has both criminal and noncriminal applications,' the statute should be consistently interpreted in both criminal and noncriminal, *i.e.*, immigration, applications." *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 n.3 (9th Cir. 2005) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004)), *abrogated on other grounds by United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008) (en banc) (per curiam), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976 (9th Cir. 2012) (en banc).

Juarez Alvarado raises two challenges to the IJ's determination that his conviction for attempted possession of a dangerous drug is a removable controlled substance offense.[4]   First, he contends that the Arizona definition of attempt is categorically broader than the federal definition. He acknowledges that we have previously held "that the Arizona and federal definitions of attempt are coextensive," *United States v. Taylor*, 529 F.3d 1232, 1234 (9th Cir. 2008), but argues that an intervening unpublished Arizona state court of appeals opinion, *State v. Garcia*, No. 2 CA-CR 2008-0020, 2009 WL 104639 (Ariz. Ct. App. Jan. 15, 2009), warrants revisiting that decision.   Second, he argues that, under the modified categorical approach, the government failed to prove that his Arizona conviction was for a substance listed in the Controlled Substances Act.   *See S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010); *see also* 21 U.S.C. § 802(6); 21 C.F.R. §§ 1308.11–15.   We address each argument in turn.

---

[4] Juarez Alvarado also filed a pro se brief making a third argument: that his plea was never reviewed or accepted by the trial judge and therefore the government failed to prove he has been "convicted" of any offense under the Immigration and Nationality Act.   Juarez Alvarado arguably raised this issue in his notice of appeal to the BIA, which contended that "the DHS has failed to meet its evidentiary burden to prove the facts of allege Conviction."   He did not, however, raise this issue in his brief before the BIA.   We therefore lack jurisdiction to review this unexhausted issue, and we dismiss this portion of the petition.   *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (holding that when a petitioner does *not* file a brief, "the notice of appeal serves in lieu of a brief, and he will be deemed to have exhausted all issues raised therein," but that "when a petitioner *does* file a brief," he will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA" (emphasis added)).

## A.

Before we can reach the merits of Juarez Alavardo's attempt argument, we must determine whether it was properly exhausted. Generally, 8 U.S.C. § 1252(d)(1) "mandates exhaustion and therefore . . . bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).[5] We conclude

---

[5] We note that some circuits have held that *issue* exhaustion, as opposed to exhaustion of administrative *remedies*, is not a statutory jurisdictional requirement, but a judicially created case processing rule, allowing courts the "discretion" to "choose to review [petitioners'] arguments not previously made to the BIA." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118–22 (2d Cir. 2006) (holding "that 8 U.S.C. § 1252(d)(1) does not make issue exhaustion a statutory jurisdictional requirement"); *see also, e.g.*, *Issaq v. Holder*, 617 F.3d 962, 968 (7th Cir. 2010) (holding that the requirement that a petitioner "first to present to the Board any arguments that lie within its power to address" is not "a jurisdictional rule in the strict sense," but is "a case-processing rule that limits the arguments available to an alien in this court when those arguments have not been raised properly at the agency level"); *Mambwe v. Holder*, 572 F.3d 540, 550 (8th Cir. 2009) (noting that "[t]here is a split of authority in this circuit" about whether issue exhaustion is a statutory jurisdictional requirement).

Our precedent, however, has squarely held that issue exhaustion is a jurisdictional requirement. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue."); *see also, e.g.*, *Kinisu v. Holder*, 721 F.3d 29, 34 (1st Cir. 2013) ("The law of this circuit is clear that, if a petitioner fails to press an argument before the BIA, the petitioner has not exhausted [his] administrative remedies as to that issue, which, in turn, forecloses this court from exercising jurisdiction over [the issue]." (alterations in original) (quoting *Chhay v. Mukasey*, 540 F.3d 1, 5–6 (1st Cir. 2008)) (internal quotation marks omitted)); *Ni v. Holder*, 613 F.3d

that because Juarez Alvarado did not sufficiently exhaust his argument that the Arizona definition of attempt is categorically broader than the federal generic definition, we lack jurisdiction to reach this issue.

Juarez Alvarado contends that he sufficiently exhausted his attempt argument by arguing that his state law conviction was not categorically a removable controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). Although "[a] petitioner need not . . . raise [his] *precise* argument" in administrative proceedings, *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008), he "cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal," *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Juarez Alvarado's only argument in his brief before the BIA concerned the sufficiency of the government's proof that the controlled substance involved in his conviction was methamphetamine. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (holding that when a petitioner files a brief before the BIA, he is deemed to have exhausted only the issues raised and argued in that brief). Even liberally construing Juarez Alvarado's pro se claims, *see Vizcarra-Ayala*, 514 F.3d at 873, his brief did not raise a "general argument" about attempt. *See Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1173 n.1 (9th Cir. 2007). Moreover, neither the IJ nor the BIA addressed

---

415, 431 (4th Cir. 2010) (holding that because the petitioner "failed to exhaust his administrative remedies with regard to this issue," the court "lack[ed] jurisdiction to entertain it"); *Lin v. Att'y Gen. of the U.S.*, 543 F.3d 114, 120 n.6 (3d Cir. 2008) (noting that although "there is reason to cast doubt upon the continuing validity of our precedent holding that issue exhaustion is a jurisdictional rule, short of a review en banc, we must dutifully apply that precedent").

the attempt element of his conviction. *See Vizcarra-Ayala*, 514 F.3d at 874 (holding that "claims addressed on the merits by the BIA are exhausted"). Accordingly, Juarez Alvarado failed to exhaust this issue because his argument regarding the controlled substance underlying his conviction was not "sufficient to put the BIA on notice that he was challenging" the categorical match between the Arizona attempt statute and the federal generic attempt definition, and the agency did not have "an opportunity to pass on this issue." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

Juarez Alvarado argues in the alternative that, even if he failed to exhaust his attempt argument, we may nevertheless reach its merits because the argument was "so entirely foreclosed . . . that no remedies [were] 'available . . . as of right' with regard to [it] before IJs and the BIA." *Sun v. Ashcroft*, 370 F.3d 932, 942 (9th Cir. 2004) (quoting 8 U.S.C. § 1252(d)(1)).[6] Under 8 U.S.C. § 1252(d)(1), a petitioner need only exhaust all administrative remedies available "*as of right*." *Sun*, 370 F.3d at 941. A remedy is available as of right only when the agency can "give unencumbered consideration to whether relief should be granted." *Id.* at 942. Accordingly, if an issue is entirely foreclosed, such that the agency cannot give it unencumbered consideration, it is not available as of right and the statute does not require it to be exhausted, although "prudential exhaustion requirements still apply." *Id.*

---

[6] Although *Sun* involved a habeas petition, and this cases involves direct review, *Sun* held that the exhaustion requirement in 8 U.S.C. § 1252(d)(1), which by its terms applies to judicial review over "final order[s] of removal," also applies to habeas petitions. *See* 370 F.3d at 941. *Sun*'s interpretation of the scope of § 1252(d)(1) therefore applies with equal force to this context.

Juarez Alvarado specifically argues that because the BIA was bound by our conclusion in *Taylor* that "Arizona's definition of attempt is coextensive with the federal definition," 529 F.3d at 1238, it could not have given unencumbered consideration to his attempt argument. *See In re Sanudo*, 23 I. & N. Dec. 968, 973–74 (B.I.A. 2006) (holding that the Ninth Circuit's determination that battery under California Penal Code § 242 does not categorically qualify as a crime of violence "is binding on this Board and the Immigration Judges in cases arising within the jurisdiction of the Ninth Circuit"); *see also Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 350 n.10 (2005) ("With rare exceptions, the BIA follows the law of the circuit in which an individual case arises . . . ." (citations omitted)).

Although the statute may not require exhaustion if the BIA – bound by our prior precedent – would be precluded from granting relief, those are not the circumstances here. Juarez Alvarado's argument on the merits is that we are no longer bound by *Taylor* because *Garcia*, 2009 WL 104639, constitutes a "subsequent indication from the [Arizona] courts that [*Taylor*]'s interpretation" of state law is "incorrect." *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464–65 (9th Cir. 1983); *see also FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992) ("As a three-judge panel, we are bound by our prior decisions interpreting state as well as federal law in the absence of intervening controlling authority."). This merits argument falls outside the exhaustion requirement only if the BIA was foreclosed from determining whether it remained bound by *Taylor* in light of *Garcia*. Accordingly, Juarez Alvarado's futility argument rests on the assumption that the BIA would be required to apply circuit precedent

even when confronted with a meritorious argument that such precedent no longer constitutes binding law.[7]

Our review of BIA practice does not support this assumption. Instead, we conclude that nothing prevents the BIA from giving "unencumbered consideration" to whether it remains bound by our decision in *Taylor* in light of *Garcia*. In other circumstances, the BIA has considered whether circuit precedent remains binding in light of intervening events. *See, e.g.*, *In re Carachuri-Rosendo*, 24 I. & N. Dec. 382, 385–86 & n.3 (B.I.A. 2007) (en banc) (holding that because the precedent in many circuits "may well be consistent with" intervening Supreme Court authority, "they may need to be followed in removal proceedings, unless altered by the circuits in some respect"); *In re Luna-Aranda*, 2006 WL 2183478 (B.I.A. June 14, 2006) (holding that circuit precedent remained binding because it had not been "reversed or meaningfully distinguished" by this court and because the subsequent case cited by the respondent did not apply to the respondent's case); *In re Hernandez-Barrondo*, 2005 WL 1104188 (B.I.A. Mar. 25, 2005) (recognizing that although the BIA ordinarily would be required to follow a Fifth Circuit case "interpret[ing] the same statute at issue in this case and conclud[ing] that it does not categorically define a crime of violence," the situation presented was "more complex" because that case had "been materially augmented" by a "subsequent en banc decision" applying a different methodology to the analysis of divisible state statutes); *Matter of Mangabat*, 14 I. & N. Dec. 75, 77–78 (B.I.A. 1972) (declining to apply circuit precedent on an issue when the

---

[7] We express no opinion on whether Juarez Alvarado's merits argument is actually meritorious, because that is the very issue we lack jurisdiction to reach.

Supreme Court granted certiorari on the question, but terminated the case without rendering a decision on the merits); *cf. Garfias-Rodriguez v. Holder*, 702 F.3d 504, 508, 511 (9th Cir. 2012) (en banc) (describing how the BIA decided it was not bound by circuit precedent when the case on which that precedent rested had been abrogated). Similarly, district courts in analogous circumstances apply the same standard as three-judge panels of this court to decide whether circuit precedent remains binding after an intervening decision of a court of last resort. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (per curiam) (en banc) (holding that when intervening authority from a court of last resort "is clearly irreconcilable with our prior circuit authority," both "a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled").

There is accordingly no reason to believe the BIA would rigidly apply circuit precedent when confronted with a meritorious argument that such precedent is no longer binding.  It follows that if Juarez Alvarado had raised his attempt argument during removal proceedings and persuaded the BIA, the BIA would not have been precluded from granting him relief.  Accordingly, because the BIA could have given unencumbered consideration to Juarez Alvarado's argument that *Taylor* no longer constitutes binding law in light of *Garcia*, we conclude that Juarez Alvarado had an "administrative remed[y] available . . . as of right," and therefore this argument "falls within the scope of § 1252(d)(1)'s exhaustion requirement." *Sun*, 370 F.3d at 944.

We acknowledge that prudential considerations may well militate in favor of reaching the merits of Juarez Alvarado's attempt argument. *Cf., e.g.*, *Fregozo v. Holder*, 576 F.3d 1030, 1036 (9th Cir. 2009) (noting that this "inquiry involves parsing the elements of a state criminal statute to determine whether it criminalizes conduct that falls outside of the generic federal offense, a task for which . . . the BIA lacks any particular statutory expertise that would be brought to bear on remand"). Because issue exhaustion is a jurisdictional requirement, however, *see supra* note 5, such considerations may not influence our analysis. Having concluded that Juarez Alvarado did not exhaust this argument before the BIA, and that the BIA was not precluded from giving the argument unencumbered consideration, we are jurisdictionally barred from reaching the merits.

## B.

We therefore turn to Juarez Alvarado's second contention, that the government failed to meet its burden of proving removability because it did not establish that his Arizona conviction constituted a "controlled substance offense" under 8 U.S.C. § 1227(a)(2)(B)(i). To establish removability under § 1227(a)(2)(B)(i), the government must "prove that the substance underlying an alien's state law conviction for possession is one that is covered by Section 102 of the CSA." *S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2009). The government does not dispute that Arizona's definition of "dangerous drug" is categorically broader than the federal definition of "controlled substance." *Compare* Ariz. Rev. Stat. § 13-3401(6) (defining "dangerous drug"), *with* 21 U.S.C. §§ 802(6), 812 (defining "controlled substance"). We therefore apply the modified categorical approach to determine whether Juarez was convicted of attempting to

possess a substance listed in the CSA.  *See S-Yong*, 600 F.3d at 1034–35.

In the context of a guilty plea, the modified categorical approach inquires "whether a guilty plea to an offense defined by a nongeneric statute *necessarily admitted* elements of the generic offense." *Young v. Holder*, 697 F.3d 976, 983 (9th Cir. 2012) (en banc) (quoting *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 921 (9th Cir. 2011) (en banc) (per curiam)) (internal quotation marks omitted).  This inquiry considers only "the charging instrument, transcript of the plea colloquy, plea agreement, and comparable judicial record of this information." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).  A statement of the factual basis supporting the guilty plea "may be considered if specifically incorporated into the guilty plea or admitted by a defendant." *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005).

The government contends that it met its burden of showing that Juarez Alvarado's conviction related to a substance listed in the CSA by producing two documents describing the substance as methamphetamine: (1) the indictment and (2) a written statement, which the government argues is incorporated in the plea agreement as the "attached description of the statutory elements and factual basis." *See* 21 U.S.C. § 812 scheds. II(c), III(a)(3) (listing methamphetamine as a controlled substance).  Juarez Alvarado counters that the government cannot rely on the indictment because the plea agreement dismissed the pertinent count as originally charged, and maintains that the written statement was not part of the plea agreement but was "added later, without [his] knowledge or consent."  Although we agree with Juarez Alvarado that the government may not

rely on the reference to methamphetamine in the indictment, we nevertheless deny his petition because we are convinced that the disputed page was incorporated into the plea agreement, making it sufficient to establish that the conviction was for an offense relating to methamphetamine.

### 1. Indictment

Count One of the indictment charged Juarez Alvarado with "knowingly possess[ing] a dangerous drug, to-wit: Methamphetamine." In the plea agreement, however, Juarez Alvarado agreed to plead guilty to "Modified Count One: Attempted possession of a dangerous drugs [sic], a class five felony," and the prosecution agreed to dismiss "Count One, as originally charged," as well as the other two counts charged in the indictment. Similarly, the judgment of conviction found Juarez Alvarado "guilty of the crime of Modified Count One, Attempted Possession of Dangerous Drugs, a Class Five Felony," and granted the prosecution's "Motion to Dismiss Count One of the Indictment as originally charged and Counts Two and Three of the Indictment." The government argues that describing the offense of conviction as "Modified Count One" refers back to the indictment, allowing us to incorporate the indictment's reference to methamphetamine into the plea agreement.

We disagree. The charging instrument may be considered "in conjunction with a signed plea agreement," *S-Yong*, 600 F.3d at 1035, but may *not* be considered when the original charges are dismissed and the defendant pleads guilty to a different offense. *See Cisneros-Perez v. Gonzales*, 465 F.3d 386, 393 (9th Cir. 2006) (holding that the petitioner had not "necessarily pleaded no contest to the allegations in the original complaint" when "the originally charged crimes were

dismissed and replaced by a lesser crime"); *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028–29 (9th Cir. 2005) (holding that because the petitioner "pled guilty to an offense different from the one charged in the information," the criminal information could not be relied upon for purposes of the modified categorical approach), *abrogated on other grounds by United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008) (en banc) (per curiam), *abrogated on other grounds by Young*, 697 F.3d 976.

Here, Count One, *as originally charged*, was dismissed, and Juarez Alvarado pled guilty to "Modified Count One," attempted possession of an unspecified dangerous drug. That one could easily *infer* that "Modified Count One" arose from the same conduct as "Count One" is not sufficient. *See Cisneros-Perez*, 465 F.3d at 393 ("Inferences . . . are insufficient under the modified categorical approach.").

We therefore reject the government's argument that the indictment establishes that Juarez Alvarado's conviction related to methamphetamine.

### 2. *Written Statement*

The government argues it also carried its burden of proving removability because a written statement describing the substance as methamphetamine was incorporated into the plea agreement as the factual basis supporting Juarez Alvarado's guilty plea. We agree.

Generally, under the modified categorical approach, "any enquiry beyond statute and charging document must be narrowly restricted to implement the object of the statute and avoid evidentiary disputes." *Shepard*, 544 U.S. at 23 n.4.

However, a statement of the factual basis for a guilty plea "may be considered if *specifically incorporated* into the guilty plea or admitted by a defendant." *Parrilla*, 414 F.3d at 1044 (emphasis added); *see also Shepard*, 544 U.S. at 20 (noting that the modified categorical approach allows consideration of "the statement of factual basis for the charge . . . shown by a transcript of plea colloquy or by written plea agreement presented to the court").

Here, the written plea agreement specifically incorporated an "attached description" as the factual basis for Juarez Alvardo's guilty plea. It is undisputed that the modified categorical approach allows such an "attached description" to be considered. The question is whether the disputed page in the record actually *is* that "attached description."

We confronted a similar question in *United States v. Almazan-Becerra*, 537 F.3d 1094 (9th Cir. 2008), which guides our analysis. There, the defendant stipulated during his state court guilty plea colloquy that "'the police reports and other documents within the Court file' contained a factual basis for the plea, without identifying specifically which police reports contained the factual basis." *Id.* at 1098. The defendant argued that under the modified categorical approach, this absence of specificity prevented the court from looking to the police reports included in the state court file pertaining to the defendant's conviction. We rejected that argument, concluding that the affidavit of a United States Probation Officer describing his process for obtaining the state court conviction file allowed us to be "confident that the police reports obtained from the . . . state court are the only police reports in that court's file," and therefore were the same reports stipulated to by the defendant. *Id.* at 1099.

Here, the record does not contain a transcript from the change of plea colloquy, but it does contain the plea agreement's explicit incorporation of an "attached description" as the factual basis in the plea agreement, which is sufficient under the modified categorical approach. *See Parrilla*, 414 F.3d at 1044. Moreover, just as the *Almazan-Becerra* court was "confident" that the police reports considered by the district court were the same police reports stipulated to by the defendant as the factual basis for his guilty plea, we too are confident, based on circumstantial evidence in the record, that the disputed page is the attached description incorporated by reference.

First, the disputed page exactly matches the plea agreement's description of the incorporated document. It describes "the statutory elements and factual basis for the offense(s) to which the defendant is pleading guilty," and is "signed by the defendant." Second, the state deputy clerk's certification stamp appears on the last page of each of the documents provided to the Department of Homeland Security from the state court clerk, and it appears on the disputed page. The stamp therefore supports the inference that the page was entered into the record as the last page of the plea agreement and indicates the page was a "description" that was "attached" to the plea agreement.[8] Third, the parties agreed

---

[8] We reject Juarez Alvarado's contention that the modified categorical approach does not allow us to draw inferences about a document in the record of conviction. It is true, as noted above, that we need more than inferences to conclude that a petitioner was *necessarily convicted* of a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). *See Cisneros-Perez*, 465 F.3d at 393; *supra* section B.1, at page 18. In this case, however, we are not inferring that Juarez Alvarado's conviction related to methamphetamine; rather, we are inferring from circumstantial evidence that the disputed page, which unequivocally describes the

at oral argument that the page numbers at the bottom of the disputed page and the plea agreement were from the state court record. Because the plea agreement was numbered pages 5–7 and the disputed page was numbered page 8, the numbering provides further evidence that the disputed page was attached to the plea agreement. Finally, as in *Almazan-Becerra*, the disputed page "unequivocally describe[d]" the offense conduct as involving methamphetamine, "and there is no indication that any other documents in the court file contradict that description." 537 F.3d at 1099.

We acknowledge that, as Juarez Alvarado points out, the disputed page is untitled and undated – indeed, the only date on the page is in the certification stamp, and that certification date is four days later than the judgment of conviction and over a month later than the signatures on the plea agreement. Had the page included a title specifically incorporated into the plea agreement, or had the disputed page been dated on the same date as the plea agreement, we could be even more confident that the plea agreement incorporated the disputed page. Based on the circumstantial evidence in the record and the absence of any contradictory evidence, however, we are confident that the disputed page is the "attached description" incorporated by reference into the plea agreement and stipulated as providing the factual basis for Juarez Alvarado's guilty plea.

We therefore hold that the government met its burden of establishing that Juarez Alvarado was convicted of a removable controlled substance offense by producing a factual basis for his guilty plea that described the substance

controlled substance as methamphetamine, is the "attached description" referenced in the plea agreement.

as methamphetamine and that was incorporated into his written plea agreement.

**CONCLUSION**

Because we lack jurisdiction to reach Juarez Alvarado's argument that the Arizona definition of attempt is categorically broader than the federal generic definition, we do not address that argument on its merits. We reject Juarez Alvarado's argument that the controlled substance at issue in his Arizona conviction cannot be established by applying the modified categorical approach. Although the indictment may not be considered when Count One "as originally charged" was dismissed and Juarez Alvarado pled guilty to "Modified Count One," a lesser charge, we are confident based on circumstantial evidence that a page describing the substance as methamphetamine was specifically incorporated into the plea agreement as the factual basis for Juarez Alvarado's guilty plea. We therefore deny in part and dismiss in part Juarez Alvarado's petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

# APPENDIX

A. R. S. § 13-1001 states:

A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense.

A.R.S.§ 13-3407(A)(1) states:

A. A person shall not knowingly:

1. Possess or use a dangerous drug.

A.R.S.§ 13-3401(6)(b)(xiii) defines methamphetamine as a dangerous drug.

On April 19, 2009, I, Luis Felipe Juarez-Alvarado, was stopped for a traffic violation. I had a suspended driver's license at the time and was placed under arrest. My vehicle was searched, and approximately 4.5 grams of methamphetamine was found. When asked, I stated that I paid about $50 for the bag of methamphetamine.

*This offense occurred in Yuma County ☒ TV*

Luis Felipe Juarez-Alvarado

*for*

Chris Weede, Deputy County Attorney

William W. Fox, Attorney for Defendant

I certify this to be a true copy of the original on file in my office, Case No. _____
Attested to this _____ day of _____, _____.

Beverly Frame
Clerk of Superior Court

By _____
Deputy Clerk