**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN ZAPANTA NALANGAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71123<br><br>Agency No. A098-250-473<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 11, 2015
San Francisco, California

Before: CALLAHAN, M. SMITH, and WATFORD, Circuit Judges.

**1.** *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014), requires that we apply the modified categorical approach to determine whether Ryan Nalangan's conviction under California Health & Safety Code § 11377(a) is a removable offense. *Id.* at 981, 983.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**2.** Under the modified categorical approach, the government has not met its burden of proving by clear and convincing evidence that Nalangan was convicted of possessing methamphetamine. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014). The complaint, which charged Nalangan with a felony violation of § 11377(a), is the only document that specifies that methamphetamine was the drug at issue. Neither the court minutes nor the misdemeanor advisement of rights documenting Nalangan's no contest plea mentions which drug Nalangan possessed. The government argues that we can nonetheless infer the drug of conviction because the court minutes refer to Count 1 of the complaint.

Where a "minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint . . . we can consider the facts alleged in that count." *Cabantac v. Holder*, 736 F.3d 787, 793–94 (9th Cir. 2013) (per curiam). But the government must clearly and convincingly establish a link between the complaint and plea documents to justify reliance on the complaint, and even slight differences between the two can cast doubt on that link. In *Medina-Lara*, the government failed to carry its burden where the complaint included "Count 3" but the plea was to "Count 3A," because it was "plausible" that the "A" stood for "amended." 771 F.3d at 1114–15. This was despite the fact that "the record does not contain any serious suggestion that [the petitioner] was

apprehended with any substance other than one controlled by federal law." *Id.* at 1115; *see also Alvarado v. Holder*, 759 F.3d 1121, 1131 (9th Cir. 2014) (holding that we could not consider the charging papers where the original charge was for possession but where the plea for attempted possession referred to "*Modified Count One*" (emphasis added)).

Differences between Nalangan's charging and plea documents similarly preclude us from finding a clear and convincing link between the documents. While the court minutes originally referred to "COUNTS 1) F11377(A) HS" in the complaint, that entry is crossed out and "M11377(a) HS" is handwritten next to it. The reason for the change is apparent; contrary to the original charge, Nalangan pleaded no contest to a misdemeanor, rather than a felony, violation of § 11377(a). It is therefore "plausible" that the charge was amended and, under *Medina-Lara*, the government has therefore failed to meet its burden of clearly and convincingly establishing that we may rely on the complaint to determine the drug of conviction. 771 F.3d at 1114–15.

We grant the petition for review, vacate the order of removal, and remand the matter to the BIA for disposition consistent with this memorandum.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; ORDER OF REMOVAL**

**VACATED; AND REMANDED.**

*Nalangan v. Holder,* No. 10-71123

Callahan, Circuit Judge, dissenting:

I respectfully dissent.  The charging document alleged that Nalangan violated California Health & Safety Code § 11377(a) by possessing methamphetamine.  Section 11377(a) is a "wobbler" which may result in either a felony or misdemeanor conviction, and Nalangan pled no contest to a misdemeanor conviction of § 11377(a).  There is no indication that there was any question as to the substance he illegally possessed or that any count was dismissed when Nalangan pled no contest.  The record of conviction shows that Nalangan pled guilty to the specific count alleged in the charging document, and the count was simply reduced from felony methamphetamine possession to misdemeanor methamphetamine possession.   For these reasons the record in this case is not ambiguous, in contrast to *Medina-Lara v. Holder*, 771 F.3d 1106, 1114–15 (9th Cir. 2014), and *Alvarado v. Holder*, 759 F.3d 1121, 1131 (9th Cir. 2014).  I would therefore deny Nalangan's petition.