**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTORIANO GAUNA-SALAZAR, AKA Victoriano Gauna, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72488 <br><br> Agency No. A036-586-234 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2015
Pasadena, California

Before: BYBEE and BEA, Circuit Judges, and FOOTE,[**] District Judge.

Petitioner Victoriano Gauna-Salazar seeks review of the Board of

Immigration Appeals's (BIA) order dismissing his appeal from the immigration

judge's (IJ) order of removal. We deny in part and dismiss in part his petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Elizabeth E. Foote, District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

**1.** Gauna concedes his claim the BIA improperly applied the modified categorical approach to Cal. Health & Safety Code § 11378 is foreclosed by *Coronado v. Holder*, 759 F.3d 977, 985–86 (9th Cir. 2014). We deny his petition as to that claim but note it is preserved for en banc or Supreme Court review.

**2.** Gauna claims the BIA failed to consider his IJ-bias, asylum, withholding-of-removal, and CAT claims and seeks remand to the BIA for consideration of those claims in the first instance.

The BIA is "not free to ignore arguments raised by a petitioner." *Id.* at 987. But the opposite is also true. The BIA need not address arguments not raised. *Cf. Alvarado v. Holder*, 759 F.3d 1121, 1127–28 (9th Cir. 2014). Here, the BIA did not address Gauna's IJ-bias, asylum, withholding-of-removal, and CAT claims because—even liberally construing his pro se briefing—Gauna failed to raise them. As such, those claims are unexhausted, and we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1).

**DENIED IN PART and DISMISSED IN PART.**