**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN R. ROSALES-GONZALEZ, AKA Ruben Rosales, | No. 15-71560 |
| Petitioner, | Agency No. A077-075-963 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2018[**]
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Ruben Rosales-Gonzalez appeals the determination by the Board of

Immigration Appeals (BIA) that he was ineligible for cancellation of removal

under 8 U.S.C. § 1229b(a).  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rosales-Gonzalez challenges the BIA's determination that he was not eligible for cancellation of removal because he failed to meet the requirements of 8 U.S.C. § 1229b(a)(2). The BIA did not err in concluding that Rosales-Gonzalez failed to establish that he had resided in the United States continuously for seven years. The IJ's conclusion that Rosales-Gonzalez's sole admission to the United States was on July 17, 2001, is supported by substantial evidence. Fewer than seven years elapsed between that date and April 22, 2004, the date of his conviction of distribution of marijuana under Colorado Revised Statute section 18-18-406(8)(b)(I) (repealed 2010). That conviction constituted a violation of a state law "relating to a controlled substance," rendering him inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Although a permanent resident not seeking admission to the United States is not "rendered inadmissible" by committing a qualifying offense under 8 U.S.C. § 1182(a)(2), *see Nguyen v. Sessions*, — F.3d —, No. 17-70251, 2018 WL 4016761 (9th Cir. Aug. 23, 2018), this rule does not apply to an alien who is seeking admission to the United States, such as Rosales-Gonzalez. The record shows that on May 27, 2010, Rosales-Gonzalez arrived in the United States and applied for admission as a lawful permanent resident. Rosales-Gonzalez was served that same day with a Notice to Appear that identified him as an arriving

2

alien subject to removal due to illicit trafficking in controlled substances. *See* 8 U.S.C. § 1101(a)(13)(C)(v) (providing that a lawful permanent resident is regarded as seeking admission into the United States if the alien has committed an offense identified in 8 U.S.C. § 1182(a)(2), including a crime relating to a controlled substance).

We do not address Rosales-Gonzalez's argument that his Colorado drug conviction is not a categorical match for a drug trafficking aggravated felony (and that therefore he was not ineligible for cancellation of removal under § 1229b(a)(3)), because the BIA did not rule on that ground. *See Lin v. Gonzales*, 472 F.3d 1131, 1133 (9th Cir. 2007). Rosales-Gonzalez's arguments that the government had the burden to prove both that a waiver under 8 U.S.C. § 1182(h) was inapplicable and that his conviction did not fall into the personal use exception fail because he did not raise them before the BIA, and we therefore lack jurisdiction to reach them. *See Alvarado v. Holder*, 759 F.3d 1121, 1127 (9th Cir. 2014).

**PETITION DENIED.**