NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EBRAHIM AHMED H. MASWAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-72238

Agency No. A215-671-242

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
Pasadena, California

Before:  WARDLAW, PARKER,[***] and HURWITZ, Circuit Judges.

Ebrahim Maswar, a citizen of Yemen, seeks review of a decision by the Board

of Immigration Appeals ("BIA") dismissing his appeal from an order of an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

1. The IJ denied relief based on an adverse credibility finding that rested in part upon inconsistencies between Maswar's hearing testimony and summaries of five interviews conducted of Maswar by the FBI Joint Terrorism Task Force ("JTTF"). An adverse credibility finding may be based on the "consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)." 8 U.S.C. § 1158(b)(1)(B)(iii). However, sufficient indicia of reliability must exist before statements made in "less formal, routinely unrecorded proceedings" may be used for adverse credibility determinations. *Joseph v. Holder*, 600 F.3d 1235, 1243 (9th Cir. 2010). Because the JTTF interviews were not "recorded verbatim," and do not consistently indicate the presence of a translator or whether Maswar "had difficulty comprehending the questions," our cases suggest that reliance upon them as the sole basis for an adverse credibility determination would be problematic. *Singh v. INS*, 292 F.3d 1017, 1023 (9th Cir. 2002); *see also Joseph*, 600 F.3d at 1243; *Singh v. Gonzales*, 403 F.3d 1081, 1087 (9th Cir. 2005).

2. Nonetheless, the BIA did not err in upholding the IJ's adverse credibility determination. Maswar's counsel did not object to the introduction of the

2

JTTF summaries, expressly indicating she objected only to specific other pages in the same exhibit as the summaries. More importantly, the adverse credibility finding was amply supported on numerous other grounds. The IJ highlighted instances where Maswar's testimony "materially diverged" from his statements to the asylum officer, was nonresponsive, or was implausible in a critical manner. For example, Maswar initially claimed on cross-examination that he did not know what an AK-47 was and denied transporting weapons owned by a political group to which he belonged, even though being seen by an opposition group while transporting AK-47 rifles was central to his initial claim of persecution. Substantial evidence also supports the IJ's conclusions that Maswar was "unresponsive" about whether he had tried to renew a passport or a "yellow card" while staying in Egypt; that he could not explain how he was able to flee from a Houthi-controlled airport; and that his "explanation regarding the issuance of his second passport was self-serving and implausible." The reasons stated by the IJ in support of the adverse finding were "specific and cogent," *Perez-Arceo v. Lynch*, 821 F.3d 1178, 1186 (9th Cir. 2016), and bore a "legitimate nexus to the finding," *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir. 2000) (per curiam) (quotation omitted). The record does not compel the conclusion that Maswar's testimony was credible. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

3.    The adverse credibility finding supports denial of asylum, withholding

3

of removal, and CAT protection because "the remaining evidence in the record is insufficient" to establish Maswar's eligibility for relief. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

4.	Maswar did not raise the issue of IJ reassignment before the agency, and cannot do so for the first time here. *See Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014). In any event, the pertinent regulations provide for reassignment when, as here, an assigned judge is unavailable. *See* 8 C.F.R. § 1240.1(b). A succeeding IJ must "familiarize himself or herself with the record in the case" and "state for the record that he or she has done so." *Id*. That occurred here.

**PETITION DENIED.**