**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARITZA MAGDALENA ORTIZ-BONILLA; HEISY YAMILETH HERNANDEZ-ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   22-892<br><br>Agency Nos.<br>A216-212-564<br>A216-212-565<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2023**
San Francisco, California

Before:  S.R. THOMAS and KOH, Circuit Judges, and RAKOFF,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Maritza Magdalena Ortiz-Bonilla and her daughter, Heisy Yamileth Hernandez-Ortiz, natives and citizens of El Salvador, petition for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny in part and dismiss in part the petition for review.

1. Substantial evidence supports the adverse credibility finding and denial of all relief. The BIA improperly relied on an inconsistency in the record regarding the date on which Ortiz-Bonilla moved in with her ex-partner, Jose, s*ee Ren v. Holder*, 648 F.3d 1079, 1085–86 (9th Cir. 2011) ("[M]inor discrepancies in dates that . . . cannot be viewed as attempts to enhance [a claim] have no bearing on credibility." (quoting *Singh v. Gonzales*, 403 F.3d 1081, 1092 (9th Cir. 2005))), and also improperly ignored a corroborating affidavit that the BIA incorrectly described as inconsistent with Ortiz-Bonilla's testimony. However, the BIA was entitled to rely on an inconsistency regarding the length of time Ortiz-Bonilla's ex-partner abused her and inconsistencies and an omission regarding when Ortiz-Bonilla started and quit her job and whether she was forced to quit as a result of domestic abuse. The inconsistencies and omissions surrounding the abuse and

2

employment timelines were substantial and nontrivial, as they were relevant to the extent of the abuse on which Ortiz-Bonilla's claims for relief are based. *See id.* at 1086; *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022) (holding that omissions can be relied upon in adverse credibility determinations when paired with other evidence that the testimony is not credible). The IJ also adequately responded to Ortiz-Bonilla's plausible explanations for the inconsistencies. *See Rizk v. Holder*, 629 F.3d 1083, 1088, (9th Cir. 2011), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1136 (9th Cir. 2021) (en banc) (a protracted analysis of the proffered explanations is not required generally, and no written analysis is required for implausible explanations). The record therefore does not compel the conclusion that Ortiz-Bonilla testified credibly. *See Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

Without credible testimony in the record, substantial evidence supports the findings that Ortiz-Bonilla did not establish eligibility for any of the relief she sought, as the remainder of the record lacks detail. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019) (explaining burdens of proof for asylum, withholding, and CAT protection).[1]

---

[1] The denial of Hernandez-Ortiz's asylum application is likewise supported by substantial evidence, as her claims were derivative of Ortiz-Bonilla's.

2.  We lack jurisdiction to consider Ortiz-Bonilla's request for a remand to allow an objection to a deficient Notice to Appear to be raised because she did not present the issue before the agency.  *See Alvarado v. Holder*, 759 F.3d 1121, 1127 & n.5 (9th Cir. 2014).

**PETITION DENIED IN PART AND DISMISSED IN PART.**