**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO STEVEN CASTRO-
HENRIQUEZ; KARLA NOHEMY
HENRIQUEZ-CERON,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73824

Agency Nos.    A206-845-157
A206-845-172

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 18, 2023
Pasadena, California

Before:  WARDLAW and KOH, Circuit Judges, and ROSENTHAL,** District
Judge.

Karla Henriquez-Ceron ("Henriquez-Ceron") and her minor son Eduardo

Castro-Henriquez ("Eduardo"), natives and citizens of El Salvador, petition for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part, deny in part, and grant and remand in part for proceedings consistent with this disposition.[1]

1. We grant the petition for review as to the asylum and withholding of removal claims. Petitioners sought asylum and withholding of removal based on Henriquez-Ceron's membership in two particular social groups ("PSGs"): "women in a domestic relationship who are unable to leave that relationship" and "El Salvadorian women in a domestic relationship with a member of the military who are afraid to leave." The IJ found that Henriquez-Ceron was not a member of either PSG. The BIA, stating that petitioners did not "meaningfully contest" that finding, deemed the issue abandoned. The BIA did so in error. Petitioners' brief to the BIA fairly put the BIA on notice of a challenge to the IJ's membership finding. *See Martinez v. Barr*, 941 F.3d 907, 922 (9th Cir. 2019) ("'[O]ur precedent requires nothing more than' putting 'the BIA on notice' of a challenge such that the BIA 'had an opportunity to pass' on it." (alteration in original) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004))); *Bare v. Barr*, 975

---

[1] The parties represented at oral argument that they were amenable to mediation, and the court encourages them to pursue this option.

2

F.3d 952, 960 (9th Cir. 2020) (noting that "the petitioner may raise a general argument in the administrative proceeding and then raise a more specific legal issue on appeal").

As the government acknowledged at oral argument, neither the agency's cognizability finding nor its nexus finding provide an alternate basis on which to uphold the agency's denial of asylum and withholding. These findings rested on *Matter of A-B-* ("*A-B- I*"), 27 I. & N. Dec. 316 (Att'y Gen. 2018), which has since been vacated by *Matter of A-B-* ("*A-B- III*"), 28 I. & N. Dec. 307 (Att'y Gen. 2021). Therefore, we remand for the agency to address the issue of membership in the PSGs and reconsider cognizability and nexus in light of *A-B- III.*

2.     The agency's denial of CAT relief is supported by substantial evidence. Even if Henriquez-Ceron suffered past torture at the hands of Eduardo's father, he did not have physical contact with Henriquez-Ceron for the two years prior to Henriquez-Ceron's departure for the United States, despite knowing where she lived in El Salvador. In light of this evidence, the record does not compel the conclusion that Henriquez-Ceron would more likely than not be tortured if she returned to El Salvador. *See Dawson v. Garland*, 998 F.3d 876, 882–83 (9th Cir. 2021) (noting that the "inference that future torture is likely to recur breaks down where 'circumstances or conditions have changed significantly, not just in general, but with respect to the particular individual'" (quoting *Nuru v. Gonzales*, 404 F.3d

3

1207, 1218 (9th Cir. 2005))).  Additionally, given the basis for the agency's decision, the failure to specifically mention evidence concerning domestic violence and sexual abuse in El Salvador does not indicate that the agency failed to consider "all evidence relevant to the possibility of future torture."  *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.16(c)(3)).  Therefore, we deny the petition for review as to the CAT claims.

3.      Petitioners' arguments about the agency's handling of Eduardo's claims for relief were not raised to the agency, and we thus lack jurisdiction to review them.  *See Alvarado v. Holder*, 759 F.3d 1121, 1127 (9th Cir. 2014). Because the BIA could have corrected the purported procedural errors and granted relief on the due process claim if raised in the agency appeal, no exception to the exhaustion requirement applies here.  *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 949 (9th Cir. 2021).  We dismiss this aspect of the petition.

**PETITION DISMISSED IN PART, DENIED IN PART, AND GRANTED IN PART; REMANDED.**[2]

---

[2] The parties shall bear their own costs.