NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL NAUN GARCIA XILOJ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-983

Agency No.
A205-711-071

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2024[**]
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Daniel Naun Garcia Xiloj, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") affirmance of an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture. Where, as here, the BIA summarily affirmed the IJ's decision, we review the IJ's decision as the final agency action. *Alvarado v. Holder*, 759 F.3d 1121, 1126 (9th Cir. 2014) (citations omitted). We review the agency's factual findings for substantial evidence and its legal conclusions *de novo*. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The agency did not err in its determination that Garcia Xiloj's asylum application, which was filed about nine years after he last entered the United States, was untimely. A petitioner may be excused for filing an untimely application for asylum upon a showing of "[1] changed circumstances which materially affect [his] eligibility for asylum or [2] extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. §§ 1208.4(a)(4)(i) & (5). In addition, a petitioner must show that he filed his application within a "reasonable period of time," given the circumstances asserted. 8 C.F.R. § 1208.4(a)(4)(ii), (5). Garcia Xiloj's lack of knowledge of the asylum process is not a circumstance that excuses his nine-year long delay in filing for asylum. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1139 (9th Cir. 2013) (concluding that the need to seek legal assistance did not excuse the untimely filing).

Nor is Garcia Xiloj entitled to relief on the basis of a due process violation.

We grant a petition for review based on a due process violation "if (1) the proceeding was so fundamentally unfair that the [petitioner] was prevented from reasonably presenting his case, and (2) the [petitioner] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (citations and internal quotation marks omitted). Garcia Xiloj has not demonstrated that the agency's determination that his asylum application was untimely violated due process. The applicable statutes and regulations provided Garcia Xiloj "adequate notice of procedures and standards that w[ould] be applied to [his] claims for relief." *Husyev v. Mukasey,* 528 F.3d 1172, 1182 (9th Cir. 2008). Although Garcia Xiloj mentions equal protection, he offers no argument why the asylum rules violate equal protection, so any such argument is forfeited. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed [forfeited].").

2. Substantial evidence supports the agency's conclusion that Garcia Xiloj did not establish eligibility for withholding of removal because the harm he experienced at the hands of a gang lacked the requisite nexus to a protected ground. To satisfy the nexus requirement, a petitioner is required to prove that his race, religion, nationality, membership in a particular social group, or political

3

opinion is "'one central reason' (for asylum) or 'a reason' (for withholding of removal) for [his] past or feared harm." *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021)). Garcia Xiloj contends he is a member of two different "particular social groups": one, "individuals who have been specifically singled out by a gang for specific attention beyond the ordinary regular activity of the gang"; and two, "people who are especially under the threat of gang members because of a particular relationship between the applicant and the gang members."

The IJ did not err in concluding that these proposed social groups are not cognizable. Garcia Xiloj argues that these social groups are comparable to the particular social group of "people who testified against gang members" that we deemed cognizable in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Garcia Xiloj, however, contends that a gang would target him only because he quit the gang and has the potential to be a witness against it. Although we understand that Garcia Xiloj fears retribution, without more, the category of persons who have disassociated from a gang is "far too unspecific and amorphous to be called a social group." *Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007).

Garcia Xiloj also asserts that the IJ improperly relied on *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) ("*A-B-I*") and *Matter of A-B-*, 28 I. & N. Dec. 199

4

(A.G. 2021) ("*A-B- II*"), which the Attorney General vacated in *Matter of A-B-*, 28 I. & N. Dec. 307 (AG. 2021) ("*A-B- III*"). As the BIA noted, however, the IJ neither cited nor impliedly relied on either *A-B-I* or *A-B-II*.

3. Substantial evidence supports the denial of CAT protection. "CAT protection cannot be granted unless an applicant shows a likelihood of torture that 'is inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity.'" *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (quoting 8 C.F.R. § 208.18). Garcia Xiloj acknowledges that no government official would condone or sanction gang violence against him and asserts in only conclusory terms that the police would "almost certainly turn a blind eye." That assertion does not establish acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("A government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." (cleaned up)).

**PETITION DENIED.**