**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURDEEP SINGH and BHAGWANT SINGH, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71171 <br><br> Agency Nos.     A089-679-782 <br> A089-689-388 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015[**]
Seattle, Washington

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

We deny Petitioners' petition for review of the Board of Immigration

Appeals' ("BIA") denial of their motion to reopen on two grounds:

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     The BIA did not abuse its discretion in concluding that Petitioners failed to

present evidence showing that equitable tolling was warranted.  Petitioners argue

that, because their former counsel failed to submit a brief in support of their appeal

to the BIA, they merit equitable tolling.[1]  However, Petitioners knew of this failure

when the BIA issued its order, because the BIA noted that counsel failed to submit

a brief.  Further, Petitioners were aware that this failure was ineffective assistance

of counsel no later than October 24, 2012, when new counsel filed their notice of

appeal to this court.

       Although we recognize equitable tolling in cases involving ineffective

assistance by an attorney or representative, coupled with fraudulent or erroneous

conduct, Petitioners did not present evidence of (a) why they were prevented from

timely filing or (b) how they acted with "due diligence in discovering the

deception, fraud, or error."  *Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir.

2003).  Petitioners merely argued that they acted with due diligence and "filed

within 90 days of [their] learning of [their] former attorney's ineffective assistance

_____

[1] Petitioners also challenged prior counsel's failure to submit proof that they paid bonds for voluntary departure.  They concede that, because they appealed the BIA's decision, they are no longer eligible for voluntary departure.  Thus, they cannot establish prejudice as to this claim.

2

of counsel." These allegations alone are not sufficient to establish equitable tolling.[2]

2.     In the alternative, the BIA concluded that, even if the motion were timely filed, the information in the motion failed to establish that Petitioners were prejudiced. *Id*. at 899 ("To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance prejudiced her."). The BIA noted "the Notice of Appeal itself included sufficiently specific arguments to explain the basis for [Petitioners'] appeal," and Petitioners had "not indicated what additional arguments should have been presented during the course of their appeal." Further, the BIA addressed the adverse credibility claims raised in the Notice of Appeal and which would have been briefed by counsel. Thus, the BIA did not abuse its discretion in determining that Petitioners suffered no prejudice.[3]

---

[2] Petitioners present new arguments in their opening brief to establish their diligence. However, these arguments were not presented to the BIA. Thus, we lack jurisdiction, because they are unexhausted. *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014).

[3] Petitioners argue for the first time on appeal that they may have obtained a different outcome had their counsel made cogent arguments to give explicit examples of their credibility (which examples are raised in each of their underlying appeals). Because these arguments were not presented to the BIA, we lack jurisdiction to address these unexhausted claims. *See Alvarado*, 759 F.3d at 1128.

**PETITION FOR REVIEW DENIED.**