**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD ANTONIO MENDOZA-MIJANGO, AKA Ronald Mendoza, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 12-74014 Agency No. A097-878-239 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2016**
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Ronald Mendoza-Mijango, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' dismissal of his appeal from the

immigration judge's denial of his application for asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture. We dismiss the petition in part and deny it in part.

It is undisputed that Mendoza-Mijango failed to file for asylum within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Mendoza-Mijango argues that his untimely filing should be excused due to the ineffective assistance of immigration counsel who led Mendoza-Mijango to believe that an asylum application was timely filed and pending. But he failed to comply with the three-part process required to make out such an excuse. *See id.* § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5)(iii). While strict compliance with this process is not always necessary, Mendoza-Mijango's argument fails. He has never identified his former counsel nor provided the circumstances or dates of the consultancy. *See Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir. 2010).

Mendoza-Mijango alternatively contends that immigration consultant fraud should excuse his untimely application, but this argument was not raised before the BIA and therefore has not been administratively exhausted. *See Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014). We lack jurisdiction to consider unexhausted issues. *Id.*

Mendoza-Mijango has also failed to show eligibility for withholding of removal. He argues that his life would be threatened if he returned to El Salvador

2

because members of the MS street gang believe he is a member of a rival gang. Due to this mistaken belief, Mendoza-Mijango argues that he belongs to a protected social group and has had a political opinion imputed to him. *See* 8 U.S.C. § 1231(b)(3)(A).

A criminal gang is not a protected social group. *Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007). Although Mendoza-Mijango credibly testified that he was never a member of any street gang, to the extent that he argues that the mistaken belief of members of the MS gang creates a protected social group, he has failed to define that group with adequate particularity. *See id.*; *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Mendoza-Mijango's political opinion argument also fails. He presented no evidence to the immigration judge showing that the MS gang holds a specific ideology or that members of the MS gang imputed to him any particular political belief. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008). We deny the portion of Mendoza-Mijango's petition seeking withholding of removal.

Mendoza-Mijango failed to exhaust his claim seeking protection under the Convention Against Torture. Although he included this claim in his notice of appeal to the BIA, his failure to argue it in his briefing deprives this court of

3

jurisdiction. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). We therefore dismiss this portion of his petition.

**DISMISSED** in part, **DENIED** in part.