NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTIAGO OSORIO-AVILA, AKA Santiago Osorio,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　　Respondent. | No.　14-73073<br><br>Agency No. A098-569-680<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:　O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Santiago Osorio-Avila, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review any challenge Osorio-Avila makes to the IJ's past persecution finding because he did not distinctly raise the issue to the BIA. *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (requiring issue exhaustion).

Substantial evidence supports the BIA's finding that Osorio-Avila failed to establish a clear probability of future persecution if he returns to Mexico. *See Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, we deny the petition for review as to Osorio-Avila's withholding of removal claim.

Substantial evidence also supports the BIA's denial of CAT relief because Osorio-Avila failed to show it is more likely than not he would be tortured by or with the acquiescence of the Mexican government if he is removed to Mexico. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008) (affirming denial of CAT relief where similarly-situated family member remained safely in hometown), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Thus, we also deny the petition for review as to Osorio-Avila's CAT claim.

14-73073

**PETITION FOR REVIEW IS DISMISSED in part; DENIED in part.**