NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 16 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOHAMMAD KHALEEL AL BATTAT,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   14-70500

Agency No. A079-638-403

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2016[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and KOZINSKI and FRIEDLAND, Circuit
Judges.

Mohammad Khaleel Al Battat, a native of Palestine and citizen of Jordan,

petitions for review of the Board of Immigration Appeals' ("BIA") order

upholding the Immigration Judge's ("IJ") denial of his applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under Article III of the Convention Against Torture ("CAT"), as well as his petition for special rule cancellation of removal pursuant to the Violence Against Women Act of 1994. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

**1.** The BIA held that Al Battat failed to appeal the merits of the IJ's determinations that he was ineligible for asylum, withholding of removal, or CAT relief, and that his asylum claim was time-barred. On appeal, Al Battat concedes that his asylum claim was time-barred, and he offers no challenge to the BIA's determination that any arguments about withholding of removal or CAT relief were not preserved for appeal. Any arguments related to those forms of relief are thus unexhausted, and we lack jurisdiction to review them. *See Alvarado v. Holder*, 759 F.3d 1121, 1127 (9th Cir. 2014).

**2.** The BIA affirmed the IJ's determination that Al Battat failed to corroborate his claim of spousal mental abuse and, therefore, affirmed denial of his application for special rule cancellation of removal. Al Battat does not argue that such corroboration was unnecessary; he states only that he does not know why the requested corroboration was unavailable. Al Battat has thus failed to demonstrate that the record compels the conclusion that corroborating evidence was

2

unavailable, 8 U.S.C. § 1252(b)(4), and he offers no other basis for review.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**