**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ECTOR TORRES-REVILLA, AKA Jesse Torres, AKA Hector Torres Revilla, AKA Hector Torres-Tevilla,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　14-71993<br><br>Agency No. A096-027-337<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:　　LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

　　Ector Torres-Revilla, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying voluntary departure and ordering him

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo constitutional claims and questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

*United States v. Martinez-Lopez* forecloses Torres-Revilla's contention that California Health & Safety Code ("CHSC") § 11352(a) is not divisible. 864 F.3d 1034, 1044-45 (9th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 523 (2017) (appropriate to apply the modified categorical approach to CHSC § 11352(a), because the statute "is divisible with regard to both its controlled substance requirement and its actus reus requirement"). Accordingly, the agency did not err in its determination that Torres-Revilla was convicted of an aggravated felony, and that he was therefore ineligible for the relief he sought. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1229c(b)(1)(C), 1225(a)(2).

In light of our disposition, we do not reach Torres-Revilla's contention that he exhausted his challenge to the IJ's determination that his conviction under CHSC § 11352(a) was a controlled substance offense. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

The agency did not err or abuse its discretion in denying for lack of good cause Torres-Revilla's motion for a continuance to pursue post-conviction relief.

14-71993

*See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (outlining factors for the reviewing court to consider when reviewing the agency's denial of a continuance). Accordingly, to the extent Torres-Revilla contends the agency violated due process in denying his request for a continuance, this contention fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We lack jurisdiction to consider Torres-Revilla's unexhausted contention that he meets the requirements of *Lujan Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000) and the Federal First Offender Act, where he did not raise this contention in his brief to the BIA. *See Alvarado v. Holder*, 759 F.3d 1121, 1126 n.4 (9th Cir. 2014) ("'when a petitioner *does* file a brief,' he will 'be deemed to have exhausted only those issues he raised and argued in his brief before the BIA'" (internal citation omitted) (emphasis in original)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**