**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDER OSVALDO GUTIERREZ-BULUX, AKA Elder Gutierrez, | No.   15-72021 |
| Petitioner, | Agency No. A200-244-347 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2018
Pasadena, California

Before:  FERNANDEZ and CHRISTEN, Circuit Judges, and MARSHALL,**
District Judge.

Elder Gutierrez-Bulux (Gutierrez), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' (BIA) order denying his

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Consuelo B. Marshall, United States District Judge for
the Central District of California, sitting by designation.

claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

1. The BIA did not err in denying Gutierrez asylum. "Asylum-seekers have one year from the time of their entry into the United States to file an application for asylum." *Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010) (citing 8 U.S.C. § 1158(a)(2)(B)). This deadline may be tolled if the claimant can demonstrate "'either the existence of *changed circumstances* which materially affect the applicant's eligibility for asylum or *extraordinary circumstances* relating to the delay in filing an application.'" *Id.* (quoting 8 U.S.C. § 1158(a)(2)(D)). Gutierrez contends that he qualified for the latter exception because of his belief that asylum could only be granted for political reasons. But "ignorance of the law is [generally] no excuse." *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003). The BIA's decision was therefore supported by substantial evidence.

2. The BIA also did not err in denying Gutierrez withholding of removal. "Withholding of removal requires the petitioner to demonstrate his or her 'life or freedom would be threatened in that country because of the [petitioner's] race, religion, nationality, membership in a particular social group, or political

---

[1] As the parties are familiar with the facts, we do not recount them here.

opinion.'" *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting 8 U.S.C. § 1231(b)(3)). The petitioner must prove that it is more likely than not that he or she will be persecuted on account of a protected ground. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).

Gutierrez argues that he is entitled to a presumption of eligibility for withholding of removal because his written application and his testimony demonstrate past persecution. He also insists that he testified truthfully. But Gutierrez's application made no mention of an arrest and detention allegedly orchestrated by the Guatemalan police on trumped-up charges of theft. Only later did Gutierrez recount, for the first time, the sexual assault he suffered at the hands of prison inmates over the course of his four-day detention and the police's willful blindness to that assault. This is not a stray or trivial oversight. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016). The incident in question establishes the government's acquiescence—even participation—in Gutierrez's persecution on account of his sexual orientation. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). The BIA's refusal to credit Gutierrez's testimony was therefore supported by substantial evidence.

A petitioner who has not demonstrated past persecution may nevertheless qualify for withholding of removal if he or she "show[s] that there is a systematic

'pattern or practice' of persecution against the group to which he belongs in his home country, such that, even without any evidence of individual targeting, his fear of persecution is deemed reasonable." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Gutierrez asserts membership in the particular social group of male homosexuals in Guatemala. The IJ, however, found Gutierrez's account of his arrest and detention to be unreliable and thus had discretion to discount the rest of Gutierrez's testimony. *Enying Li v. Holder*, 738 F.3d 1160, 1164–65 (9th Cir. 2013). The IJ observed that there was "nothing but [Gutierrez's] testimony to conclude that he is a homosexual," and Gutierrez's counsel did not controvert this statement despite being given an opportunity to do so.[2] Moreover, while the medical evidence established Gutierrez's HIV-positive status, the record does not compel a finding that AIDS sufferers were a persecuted social group in Guatemala. *Wakkary*, 558 F.3d at 1061; *cf. Bromfield v. Mukasey*, 543 F.3d 1071, 1074 (9th Cir. 2008); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1213 (9th Cir. 2004).

3. Finally, the BIA did not err in denying Gutierrez CAT relief. "An applicant qualifies for protection under [CAT] if he can show that if removed to his native country, it is more likely than not that he would be tortured by public

---

[2] Insofar as Gutierrez suggests that the government did not contest his homosexuality, the argument was not presented to the BIA and we lack jurisdiction to consider it. *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014).

officials, or by private individuals with the government's consent or acquiescence." *Oyeniran v. Holder*, 672 F.3d 800, 803 (9th Cir. 2012). "'[A]wareness and willful blindness' are sufficient to constitute acquiescence by government officials; actual knowledge or willful acceptance is not required." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). "Unlike the standards for asylum and withholding of removal, a petitioner 'need not show that he will be tortured on account of a protected ground' to qualify for CAT relief." *C.J.L.G. v. Sessions*, 880 F.3d 1122, 1150 (9th Cir. 2018). Gutierrez asserts that "there exist 'substantial grounds for believing' . . . that he would be in danger of being tortured if returned to Guatemala." The BIA concluded that while it was possible the Guatemalan government might acquiesce in the torture of someone who has contracted HIV, this possibility did not meet the "more probable than not" standard required for relief under CAT. The record does not compel the opposite conclusion. *Vitug* 723 F.3d at 1066; *cf. Bosede v. Mukasey*, 512 F.3d 946, 949, 951–52 (7th Cir. 2008).

**PETITION DENIED.**