FILED

NOT FOR PUBLICATION

AUG 28 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERTO DE JESUS CABALLEROS-FLORES,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   18-71971<br><br>Agency No. A204-483-496<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 26, 2019**
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

El Salvador native Roberto de Jesus Caballeros-Flores ("Caballeros-Flores")

petitions for review of the Board of Immigration Appeals' ("BIA") denial of his

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

Caballeros-Flores came to the United States as a nonimmigrant visitor and was granted deferred action under the Deferred Action for Childhood Arrivals program through May 2015. However, he did not file an application for asylum until January 2018, after being placed in removal proceedings. The Immigration Judge ruled his asylum application was untimely, a finding he did not challenge until his brief to this court. We lack jurisdiction over this issue because it was not exhausted before the BIA. *See Alvarado v. Holder*, 759 F.3d 1121, 1127–28 (9th Cir. 2014); *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013). Caballeros-Flores also filed a claim below for CAT protection, but does not challenge the agency's CAT ruling in his opening brief, and has thus waived this issue as well. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Thus, the only issue properly before us is Caballeros-Flores's claim for withholding of removal. However, he falls short of satisfying the higher standard that it is more likely than not he would be persecuted on account of his sexual orientation by a group the government is unable or unwilling to control. 8 C.F.R. § 1208.16(b). The BIA cited country condition reports indicating that although there have been some acts of violence in El Salvador against this social group, the government has also

prosecuted individuals who harm others on account of sexual orientation and that the government is taking "extraordinary measures" to combat gang violence. Laws that discriminate against same-sex couples, such as precluding marriage or adoption, do not rise to the level of persecution. *Cf. Mansour v. Ashcroft*, 390 F.3d 667, 672–73 (9th Cir. 2004).

**PETITION DENIED.**