**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JAVIER TALAVERA MORAN, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-70751 <br><br> Agency No. A092-734-454 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2020**
Pasadena, California

Before:  BERZON, TALLMAN, and R. NELSON, Circuit Judges.

Francisco Talavera Moran, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order.  We dismiss in part and deny in part the petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     We lack jurisdiction to consider Mr. Moran's unexhausted contention that the federal and California definitions of methamphetamine are not coextensive such that his conviction under California Health and Safety Code § 11378 is not an aggravated felony.  8 U.S.C. § 1252(d)(1); *Alvarado v. Holder*, 759 F.3d 1121, 1128–29 (9th Cir. 2014).

2.     Mr. Moran's aggravated-felony conviction gave rise to a presumption that his conviction was a particularly serious crime for purposes of withholding relief.  *Matter of Y-L-*, 23 I. & N. Dec. 270, 274 (Op. Att'y Gen. 2002).[1]  The agency's determination that Mr. Moran did not rebut that presumption—which the Board affirmed—was not an abuse of discretion because the agency considered the "appropriate factors" and "proper evidence" to reach its conclusion.  *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077–78 (9th Cir. 2015) (internal alterations omitted).  Mr. Moran's conviction of a particularly serious crime therefore renders him ineligible for withholding of removal, 8 U.S.C. § 1231(b)(3)(B)(ii), and withholding of removal under the Convention Against Torture.  8 C.F.R. § 1208.16(d)(2).

3.     Finally, substantial evidence supports the agency's determination that Mr. Moran is not eligible for deferral of removal under the Convention Against

---

[1] On appeal, Mr. Moran does not argue that he is entitled to asylum.  Any argument that he is entitled to that relief is therefore waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Torture. Mr. Moran failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**