NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUEYAN YAN,<br><br>                    Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                    Respondent. | No.    17-71981<br><br>Agency No. A205-546-186<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020[**]
Pasadena, California

Before:  BEA and BADE, Circuit Judges, and DRAIN,[***] District Judge.

Petitioner Xueyan Yan is a native and citizen of the People's Republic of

China.  Yan alleges that she was subjected to a forced abortion in 2008.  Yan now

petitions for review of the Board of Immigration Appeals' (BIA) decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

affirming an Immigration Judge's (IJ) denial of her claims for asylum and withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252 and review the BIA's adverse credibility determination for substantial evidence. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). Under this deferential standard, we "must uphold the BIA's finding unless the evidence compels a contrary result." *Id*. (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006)); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). We deny Yan's petition for review.

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination. The BIA may look to inconsistencies in testimony and supporting documents to determine an asylum applicant's credibility. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). The IJ noted numerous discrepancies in Yan's narrative concerning when she went into hiding after learning about her pregnancy. The IJ and the BIA properly questioned Yan's credibility after noting these inconsistencies about the timing and duration of her concealed pregnancy— critical details of her persecution claim. *See Rizk v. Holder*, 629 F.3d 1083, 1088

---

[1] Yan did not challenge the IJ's denial of protection under the Convention Against Torture (CAT) in her appeal to the BIA. Thus, this claim was not exhausted and we lack jurisdiction to address it here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

(9th Cir. 2011). Additionally, the IJ permissibly considered the lack of specificity in Yan's testimony regarding how and when her pregnancy was discovered by her employer. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) ("[L]ooking to the level of detail of the claimant's testimony to assess credibility . . . remains viable under the REAL ID Act as it is a 'relevant factor.'") (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

The IJ provided additional "specific cogent reason[s] for the adverse credibility finding," including conflicting testimony about Yan's addresses, her avoidance of employer pregnancy tests, and the timeline of her pregnancy.[2] *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002)). Under a totality of the circumstances, substantial evidence supports the IJ's adverse credibility finding and the denial of Yan's petition. *Id*. Because Yan failed to meet her burden for asylum eligibility, her withholding of removal claim must also fail. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) ("Because Wang cannot establish eligibility for asylum, she necessarily fails to carry the greater burden of establishing eligibility for

---

[2] Yan testified that she discovered her pregnancy in January 2008, but provided medical records indicating she was only twenty weeks pregnant in August 2008. The BIA noted this was a "significant discrepancy" that was not addressed in Yan's appeal. Because this argument was not first exhausted before the BIA, we lack jurisdiction to consider it here. *See Alvarado v. Holder*, 759 F.3d 1121, 1130 (9th Cir. 2014).

withholding of removal.").

**PETITION DENIED.**