NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY PENARANDA CABANTAC,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   15-70248<br><br>Agency No. A045-078-802<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Randy Penaranda Cabantac, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reconsider.  Our jurisdiction is governed by 8 U.S.C. §1252.  We review

for abuse of discretion the denial of a motion to reconsider and review de novo

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider as untimely where it was filed more than 30 days after a final order of removal. *See* 8 U.S.C. § 1229a(c)(6)(B) (motions to reconsider must filed within thirty days of final administrative order). Remand for the BIA to consider equitable tolling based on *Matter of Chairez* is unnecessary, where the BIA considered his *Chairez*-based divisibility contention on the merits as part of its sua sponte decision.

Our jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte is limited to contentions of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Cabantac concedes that his contention that California Health and Safety Code § 11377(a) is not divisible as to substance is foreclosed by *United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017) (en banc). *See also Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014). The BIA sufficiently announced its decision not to reconsider sua sponte, in light of his equities, its denial of his application for relief. Thus, he has not shown any legal error in the BIA's sua sponte denial.

Cabantac failed to exhaust his contention that section 11377(a) is overbroad as to the mens rea required. *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) ("Although a petitioner need not raise his precise argument in administrative

proceedings, he cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." (alterations, citations, and internal quotation marks omitted)).

We grant the motion for leave to file a supplemental brief (Docket Entry No. 49). Cabantac's contention that section 11377(a) is overbroad due to California's definition of methamphetamine is foreclosed by *United States v. Rodriguez-Gamboa*, 972 F.3d 1148 (9th Cir. 2020).

We deny the motion to remand (Docket Entry No. 46). *See Aguilar Fermin v. Barr*, 958 F.3d 887, 894-95 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**