NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ELISEO ALFARO HENRIQUEZ, AKA Jose Alfaro Henriquez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72087 <br><br> Agency No. A094-319-650 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2021[**]
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

"Our precedent … has squarely held that issue exhaustion is a jurisdictional requirement." *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014). When "[a] petitioner[] fail[s] to raise an issue before the BIA [it] generally constitutes a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to exhaust, thus depriving this court of jurisdiction to consider the issue." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). Here, neither Henriquez's Notice of Appeal from the IJ's decision, nor the brief submitted to the BIA, provide any argumentation regarding Henriquez's waiver of appeal before the IJ. Because Henriquez did not raise the issue of his waiver of appeal, or any arguments related to that issue before the BIA, we do not have jurisdiction to consider those claims.[1]

**DENIED**.[2]

---

[1] Henriquez's challenge to the IJ's denial of his application for cancellation of removal is similarly unexhausted. The IJ denied cancellation of removal because Henriquez did not demonstrate the requisite hardship and because his "two DUI convictions within the last 10 years" triggered the presumption that Henriquez could not show good moral character, which the record did not rebut. Henriquez did not raise either hardship or his DUI convictions in his Notice of Appeal or his brief before the BIA. We thus also do not have jurisdiction to consider Henriquez's unexhausted claim for cancellation of removal. *See* 8 U.S.C. § 1252(d)(1).

[2] Henriquez's motion for stay of removal (ECF No.1) and supplemental motion for stay removal (ECF No. 10) are consequentially denied as moot.