**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANI KARAN,<br><br>              Petitioner,<br><br>     v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   20-71812<br><br>Agency No. A205-586-456<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2021[**]
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Mani Karan, a native and citizen of India, petitions for review from a

decision of the Board of Immigration Appeals ("BIA") upholding the denial of his

asylum claim.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).
[1] Karan failed to exhaust his claims for withholding of removal and relief under the Convention Against Torture, so we do not consider them.

petition.

Karan alleges that he was beaten by his girlfriend's family after seeking their permission to marry her. He testified that his girlfriend's family did not want them to marry because their families had different castes, religions, and levels of wealth. He further testified that he left India because he was afraid that his girlfriend's family would kill him.

The Immigration Judge ("IJ") found Karan to be not credible, and the BIA upheld the adverse credibility determination. Because the BIA's decision is supported by substantial evidence, we deny the petition for review. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) ("When it comes to questions of fact . . . a reviewing court must accept 'administrative findings' as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting 8 U.S.C. § 1252(b)(4)(B))).

1. The BIA cited a discrepancy in Karan's account of when his girlfriend's family beat him. Karan testified that he was beaten by his girlfriend's family on December 25, 2012. In a sworn statement given on April 4, 2013, however, he said that "[h]er family beat me up once about two months ago," which would be in or about February 2013. Karan now asserts that there is no discrepancy between these two statements because he never "state[d] he was beaten *first* in February 2013." To the extent that this argument implies that he was beaten multiple

2

times, it is contradicted by his statements on the record that he was beaten only a single time. Substantial evidence supports this basis for the adverse credibility determination.

2. The BIA cited a discrepancy between Karan's credible fear interview, in which he stated that his girlfriend's family would kill him because "[t]hey were a different race," and his subsequent testimony that it was because she was Sikh and he was Hindu. In his briefing to this court, Karan argues for the first time that no discrepancy exists because the translator for his credible fear interview meant "caste" rather than "race." Because he failed to raise this translation issue before the BIA, he has not exhausted it. We lack jurisdiction to consider alleged procedural errors in the first instance. *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014); *Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013). We therefore cannot disturb this basis for the adverse credibility determination.[2]

3. The BIA cited Karan's testimony that he destroyed letters from and photographs with his girlfriend while he was en route to the United States. Karan did not articulate why he would have destroyed this evidence that purportedly corroborated his persecution, and that captured memories of the woman he says he

---

[2] Similarly, we lack jurisdiction to consider Karan's arguments that the IJ denied him due process by not providing a sufficient opportunity to explain perceived discrepancies in his testimony. Karan failed to exhaust this issue before the BIA, and we may not consider it in the first instance. *Sola*, 720 F.3d at 1136.

wanted to marry. Instead, he vaguely stated that he was afraid, without explaining who or what caused this fear such that he would destroy these documents after arriving in Guatemala. A reasonable factfinder would not be compelled to accept this explanation as true, so substantial evidence supports this ground for the adverse credibility determination.

4. The BIA cited an apparent discrepancy between Karan's description of his medical treatment after his beating and a doctor's letter he submitted that describes his treatment for "gastroentities." Karan argues that the BIA and the IJ (collectively, "the agency") relied solely on a news article in the record to impermissibly speculate that a diagnosis of "gastroentities" was not consistent with internal injuries from a beating. We have held, however, that the agency may consider the plausibility of a witness's testimony "in light of background evidence such as . . . news articles." *Lalayan v. Garland*, --- F.4th ---, 2021 WL 2933340, at *9 (9th Cir. 2021). Because the agency did not engage in improper speculation, this aspect of the adverse credibility determination is supported by substantial evidence.

5. The BIA cited Karan's response to a discrepancy between the original and translated versions of an affidavit submitted by his father. In the original, Karan's father wrote that Karan was hospitalized in December 2012, which is consistent with Karan's account. By contrast, the translated affidavit says that

4

Karan was hospitalized in December 2017. As the BIA noted, the latter date appears to be a mere typographic or transcription error by the translator.

When confronted with the apparent discrepancy on cross-examination, however, Karan testified that he "told [his father] that it is incorrectly written over there. Because he's not very educated, he could not figure it out." Counsel for the Government then asked why he would speak to his father about the mistranslated version when the original was correct. Karan further explained that his father "said that he has a problem seeing things after the problem in the typing. That's why." If the error is attributable to the translator rather than Karan's father, as he now asserts, then this explanation does not make sense. The agency reasonably cited that explanation—rather than the discrepancy in dates itself—to support the adverse credibility determination.

6. We do not reach Karan's arguments that the IJ denied him adequate notice and the opportunity to gather corroborating evidence as required by *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011). The *Ren* requirements for corroborating evidence apply only if the non-corroboration-related grounds cited by the agency are insufficient to support the adverse credibility determination. *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016). Because we cannot set aside the non-corroboration-related grounds here, we must "defer to the IJ and BIA's adverse credibility determination." *Id.*

Without Karan's testimony, the remaining evidence in the record is insufficient to support his asylum claim. Accordingly, the petition for review is denied. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**PETITION DENIED.**