**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARJINDER SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-73434

Agency No. A201-018-137

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021[**]
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Harjinder Singh, a native and citizen of India, petitions for review of an

order of the Board of Immigration Appeals (BIA) denying his application for

asylum. The BIA's order upheld the determination of an immigration judge (IJ)

that Singh established eligibility for asylum but was not entitled to that relief as a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

matter of discretion.  Finding neither a due process violation nor an abuse of discretion in the agency's decision, we deny the petition as to Singh's asylum claim.  We dismiss the petition as to Singh's newly raised claim for humanitarian asylum.

1.  The BIA did not violate Singh's due process rights when it affirmed the IJ's denial of his asylum application on discretionary grounds.  The agency found that Singh testified credibly about his past persecution in India, but that he was not forthcoming about his criminal history or place of residence.  Contrary to Singh's contention, those two findings do not amount to an impermissibly bifurcated credibility determination.  *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1135 (9th Cir. 2004).  Unlike in *Kalubi*, the substantive issues on which the agency found Singh credible were distinct from the issues on which it found he lacked candor.[1]  Specifically, Singh admitted during cross-examination that he had been arrested and had a criminal charge pending in Texas.  He had not listed that charge on the addendum to the I-589 application he submitted at the removal hearing, nor had he otherwise notified the agency of the charge.  Singh also repeatedly affirmed that he lived in California despite actually having worked and lived in Texas for several

---

[1] Singh contends that the IJ found him not credible as to these issues.  She did not; she merely found he lacked candor.  He offers no authority showing that she was required to make a credibility finding at the second step as to his explanations for his lack of candor before exercising her discretion.

years.  The agency permissibly exercised its discretion in finding that, while his credible testimony established eligibility for asylum, his lack of candor with respect to his criminal history and place of residence weighed against granting him asylum.

2.  We lack jurisdiction to consider Singh's claim for humanitarian asylum, which he raises for the first time in his petition for review.  *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**