**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLORENTINO JAIMES GALEANA, | No. 19-71361 |
| Petitioner, | Agency No. A206-534-400 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021[**]
San Francisco, California

Before: LUCERO,[***] IKUTA, and VANDYKE, Circuit Judges.

Petitioner Florentino Galeana (Petitioner) seeks review of the Board of

Immigration Appeals' (BIA) dismissal of his applications for cancellation of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

removal, asylum, withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.[1]

Petitioner did not properly exhaust his administrative remedies regarding cancellation of removal because he conceded his conviction before the IJ and did not properly raise the issue to the BIA. Therefore, this court lacks the jurisdiction to address the cancellation of removal claim. 8 U.S.C. § 1252(d)(1); *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014).

Turning to the asylum claim, Petitioner missed the one-year deadline to submit an asylum application, and substantial evidence supports the agency's determination that Petitioner failed to demonstrate changed or extraordinary circumstances justifying the delay. Petitioner admitted that the reason for seeking asylum 12 years after arriving was to obtain work authorization, which is not a changed or extraordinary circumstance to justify an exemption from the deadline under 8 C.F.R. § 1208.4(a). Petitioner also asserted rising levels of violence in Mexico as a changed circumstance on appeal to the BIA, but failed to challenge the IJ's determination that Mexico's conditions *improved* during the time between when Petitioner entered the United States and his removal proceedings, so there is no basis

---

[1] The parties are familiar with the facts, so we do not repeat them here.

for this panel to disrupt that ruling.

Substantial evidence also supports the agency's decision to deny Petitioner's claim for withholding of removal. The agency reasonably concluded that "family members of the Jaimes Galeana family" was not sufficiently distinct or definitive to constitute a particular social group, nor did Petitioner establish that he would be persecuted because of his family lineage. Petitioner was unable to offer any reason suggesting his family members were killed *because of* familial status and admits that he is now estranged from his mother, which further undermines any potential nexus. This is more than enough to support the agency's conclusion that his familial status would not lead to persecution.

Substantial evidence also supports denial of protection under CAT. Petitioner's argument that there is generalized, widespread violence within Mexico is insufficient to establish it is "more likely than not that he or she will be tortured" upon return to the country. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation and quotation marks omitted). Petitioner has not shown he is subject to any special risk of torture. *See id.* at 1051–52 (rejecting a CAT claim when petitioner has not shown he "would face any particular threat of torture beyond that of which all citizens of Nepal are at risk").

Finally, this court lacks the jurisdiction to review the agency's denial of voluntary departure. The IJ exercised discretion in denying voluntary departure, and

3

the BIA affirmed the IJ's decision. "[B]ecause the BIA affirmed based on the IJ's discretionary denial, we [do] not have jurisdiction to review the denial of voluntary departure." *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (citation and internal quotation marks omitted).

**PETITION DENIED IN PART AND DISMISSED IN PART.**