**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANNET RUIZ-QUIJAS, | No. 16-70947 |
| Petitioner, | Agency No. A098-391-044 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022**
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and L. BURNS,***
District Judge.

Yannet Ruiz-Quijas petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing her appeal from an Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Larry A. Burns, United States District Judge for the
Southern District of California, sitting by designation.

decision. The IJ denied Ms. Ruiz-Quijas's claim for withholding of removal under 8 U.S.C. § 1231, *et seq.*, because, among other reasons, she established neither membership in a cognizable particular social group nor nexus to a protected ground. The IJ denied relief under the Convention Against Torture ("CAT") because Ms. Ruiz-Quijas failed to establish a likelihood of torture with acquiescence by the Mexican government.

1. Ms. Ruiz-Quijas's brief before the BIA did not develop any argument about why the IJ erred in determining that she had established neither membership in a cognizable particular social group nor nexus. *See Abebe v. Mukaskey*, 554 F.3d 1203, 1208 (9th Cir. 2009) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). Because Ms. Ruiz-Quijas failed to exhaust administrative remedies, we lack jurisdiction to review the IJ's denial of withholding of removal. *See* 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.").

2. Ms. Ruiz-Quijas also failed to exhaust her CAT claim, because her brief before the BIA did not mention CAT and provided neither reasons nor argument explaining why the IJ erred in denying her CAT claim. *See Abebe*, 554 F.3d at 1208.

We therefore lack jurisdiction over Ms. Ruiz-Quijas's challenge to the IJ's denial of CAT protection. *See Barron*, 358 F.3d at 678.

Because we lack jurisdiction over both of Ms. Ruiz-Quijas's claims, the petition must be dismissed. *See Alvarado v. Holder*, 759 F.3d 1121, 1133 (9th Cir. 2014) (dismissing petition for lack of subject matter jurisdiction where petitioner did not sufficiently exhaust before the BIA his argument challenging the IJ's decision).

**PETITION DISMISSED.**