NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGELIO LOPEZ-PAEZ, | No.   20-72657 |
| Petitioner, | Agency No. A079-797-412 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2022[**]
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Petitioner Rogelio Lopez-Paez is a native and citizen of Mexico. He was born

in Oaxaca, Mexico on March 24, 1987.  Lopez-Paez entered the United States when

he was only three-years old and gained lawful permanent resident ("LPR") status

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

through his U.S. resident parents on April 20, 2005. Lopez-Paez is currently living with his parents, his wife, and his children in the United States.

On September 19, 2014, Lopez-Paez attempted to enter into the United States through the United States-Mexico border at the San Ysidro Port of Entry as a returning LPR. U.S. Customs and Border Protection agents performed a routine search of Lopez-Paez's vehicle and discovered that Lopez-Paez was attempting to smuggle into the United States a young woman hidden inside a secret compartment in his truck. He was paroled into the United States for criminal prosecution and was ultimately convicted of bringing in an illegal alien without presenting the alien to immigration officials and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii), and 18 U.S.C. § 2. During Lopez-Paez's criminal proceedings, he cooperated with federal agents and the U.S. Attorney by giving them additional information about the inner workings of the smuggling business under which he worked, including names of those involved. Lopez-Paez met with agents four or five times, spending between eight and fifteen hours explaining the smuggling organization to them. Lopez-Paez never testified in a trial against anyone, however, he did sign a declaration identifying a member of the smuggling organization.

After Lopez-Paez's criminal prosecution, the Department of Homeland Security initiated his removal proceedings on June 2, 2016. Lopez-Paez was charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(E)(i), as an alien who

2

knowingly assisted an alien to try to enter the United States illegally. On September 13, 2016, Lopez-Paez submitted a Form I-589, application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In support, Lopez-Paez alleged that he would be persecuted because of his membership in a particular social group comprised of individuals who cooperated with the U.S. Attorney in the prosecution of the organization for which he worked.[1]

The immigration judge ("IJ") held hearings in which Lopez-Paez appeared with counsel. On June 4, 2019, the IJ issued a written decision, finding Lopez-Paez removable as charged, accepting Lopez-Paez's concession that he is ineligible for asylum, denying the application for withholding of removal and CAT protection, and ordering that Lopez-Paez be removed from the United States to Mexico. After the Board of Immigration Appeals ("BIA") affirmed without opinion, this appeal followed.

We review the IJ's and BIA's factual findings for substantial evidence. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019); *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015) (reviewing denial of CAT relief for substantial

---

[1] Lopez-Paez's formulation of his particular social group, in which we have corrected a typographical error, is "individuals who cooperated with a U.S. attorney [in] the prosecution of other smugglers and other criminals, and who also helped the government with respect to sentencing."

evidence). "Substantial evidence means the [BIA]'s holding is supported by reasonable, substantial, and probative evidence on the record." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (internal quotation marks and citation omitted). Factual findings are "not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal quotation marks and citation omitted).

To qualify for withholding of removal, an applicant must demonstrate that it is more likely than not that his "life or freedom would be threatened," if he is returned to his homeland, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). "To qualify for withholding of removal, an applicant must show a 'clear probability' of future persecution." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Substantial evidence supports the IJ's findings that Lopez-Paez failed to demonstrate the necessary elements of either past persecution, which would generate a presumption of future persecution, or a clear probability of future persecution. *See* 8 C.F.R. § 1208.16(b). The threats against Lopez-Paez were mere warnings and never acted upon. Lopez-Paez has had no contact with the people who threatened him since 2015. Lopez-Paez also remained living in the same town for three years

4

without issue, and there is no evidence that anyone in Mexico would be actively searching for him or would know that he had returned to the country. These facts also provide substantial evidence supporting the IJ's finding that Lopez-Paez failed to show that it is more likely than not that he will be tortured if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2). Thus, we deny the petition as to the withholding of removal and CAT claims.

Turning to Lopez-Paez's asylum claim, Lopez-Paez, through counsel, admitted before the IJ that he was ineligible for asylum because of his prior smuggling conviction. Lopez-Paez at no point challenged his attorney's concession or otherwise indicated any disagreement. Concessions of an applicant's attorney are generally binding on the applicant. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830-32 (9th Cir. 2011). Thereafter, Lopez-Paez appealed the IJ's denial of his application to the BIA. Lopez-Paez's appeal brief to the BIA included no challenge to the concession made by his attorney.

We may review a final order of removal only if the alien has "exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see Alvarado v. Holder*, 759 F.3d 1121, 1127-28 (9th Cir. 2014) (providing that the exhaustion requirement is jurisdictional). In other words, we may not consider an issue that was not sufficiently raised before the BIA. *See Alvarado*, 759 F.3d at 1127-28. Lopez-Paez did not exhaust his asylum claim before the BIA, and he does

not raise any meritorious argument as to why in his opening brief. Because failure to exhaust administrative procedures is a jurisdictional bar, the denial of Lopez-Paez's asylum application is not properly before us. *See id.* Thus, we dismiss the petition as to the asylum claim.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**