**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARMEN ELENA SOLIS RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, U.S. Attorney General,

Respondent.

No. 22-678

Agency No. A205-479-773

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2023[**]

Before: SMITH and OWENS, Circuit Judges, and RODRIGUEZ,[***] District Judge.

Petitioner Carmen Elena Solis Ramirez, a citizen of El Salvador, challenges the Board of Immigration Appeals' dismissal of her appeal from the Immigration Judge's denial of her application for asylum and withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

removal. The parties are familiar with the facts, so we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition in part and dismiss in part.

1. Substantial evidence supports the agency's determination that Petitioner failed to establish a nexus between a protected ground and the extortion and threats she suffered at the hands of gang members. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (conducting substantial-evidence review of the denial of asylum and withholding of removal based on lack of a nexus between a protected ground and feared persecution). There is no evidence that she was targeted on account of her membership in the particular social group (PSG) of her immediate family. Moreover, Petitioner testified several times that the threats and extortion were financially motivated.

2. We lack jurisdiction to consider Petitioner's claims that she was persecuted on account of her membership in other proposed PSGs or her political opinion because she did not raise them before the agency. *See Alvarado v. Holder*, 759 F.3d 1121, 1130 (9th Cir. 2014) (stating that "issue exhaustion is a jurisdictional requirement").

The stay of removal remains in place until the mandate issues.

**PETITION DENIED IN PART; DISMISSED IN PART.**