NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN DANIEL CASTILLO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1023

Agency No.
A077-992-454

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023**
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Juan Daniel Castillo, a native and citizen of Mexico, petitions for review

the Board of Immigration Appeal's (BIA) order denying his motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA denied Castillo's motion to reopen his immigration proceedings

to apply for relief under the Convention Against Torture (CAT) because he failed

---

* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

to provide evidence of country conditions in Mexico at the time of his final hearing before the immigration judge in 2013. To raise a motion to reopen based on changed country conditions, a petitioner must "produce evidence that conditions have changed in the country of removal." *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). This requirement is "concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). Because Castillo only provided evidence from 2017, shortly before he filed his motion, the BIA held he is not entitled to reopening.

On appeal, Castillo does not address whether he failed to provide evidence of country conditions in Mexico in 2013. Because he did not raise this issue, it is waived. *See United States v. Turchin*, 21 F. 4th 1192, 1198–99 (9th Cir. 2022) (arguments not raised in a party's opening brief generally are waived). We thus have no basis to conclude that the BIA abused its discretion in denying Castillo's motion to reopen. *See Salim*, 831 F.3d at 1137 (standard of review for motions to reopen).[1]

---

[1] We disagree with the government's assertion that Castillo's failure to exhaust administrative remedies deprives us of jurisdiction to review this petition. While a petitioner cannot satisfy the exhaustion requirement by bringing "a general challenge" to the BIA, a "petitioner need not ... raise [his] *precise* argument" in the administrative proceedings. *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (citation omitted). Although Castillo did not provide sufficient evidence of changed country conditions, we cannot say he did not raise the issue before the BIA. Moreover, the Supreme Court recently clarified that, even if a

Likewise, Castillo previously requested that the BIA exercise its *sua sponte* authority to reopen, but he did not appeal that claim before this court. Any challenge to the denial of *sua sponte* reopening is thus waived. *See Turchin*, 21 F.4th at 1198–99.

**PETITION DENIED.**

---

petitioner failed to exhaust administrative remedies available as of right under 8 U.S.C. § 1252(d)(1), this failure is not jurisdictional. *See Santos-Zacaria v. Garland*, No. 21-1436, 2023 WL 335625, at *2, 11 (May 11, 2023).