NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELISABETE ALEXANDRA PONTE, | No. 17-71364 |
| Petitioner, | Agency No. A036-049-129 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BOUGH,*** District Judge.

Elisabete Alexandra Ponte, a native and citizen of Portugal, petitions for

review of a decision of the Board of Immigration Appeals (BIA) dismissing an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

appeal from an order of an immigration judge (IJ) finding her removable and ineligible for cancellation of removal. Exercising our jurisdiction under 8 U.S.C. § 1252, we deny the petition in part, grant it in part, and remand.

1. The BIA erred in sustaining Ponte's charges of removability based on her 2003 conviction for attempted manufacture of dangerous drugs in violation of Arizona Revised Statutes (A.R.S.) § 13-3407(A)(4). Although the amended Notice to Appear listed three prior convictions, the BIA's decision that Ponte had committed an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense (CSO), 8 U.S.C. § 1227(a)(2)(B)(i), was based only on her conviction for attempted manufacture of dangerous drugs.

The attempted manufacture conviction cannot serve as a basis for removability. The parties agree that Arizona's list of dangerous drugs was broader than the federal controlled substances list at the time Ponte was convicted because Arizona's list contained drugs not found on the federal list. *See Alvarado v. Holder*, 759 F.3d 1121, 1130 (9th Cir. 2014) ("The government does not dispute that Arizona's definition of 'dangerous drug' is categorically broader than the federal definition of 'controlled substance.'"). Under the modified categorical approach, Ponte is removable only if the record of her attempted manufacture conviction shows it was based on a drug contained in the federal controlled substances list. *See Romero-Millan v. Garland*, 46 F.4th 1032, 1042–43 (9th Cir.

2

2022). We agree with the parties that, based on the relevant limited class of documents, the record is inconclusive as to the dangerous drug involved in Ponte's attempted manufacture conviction, and the BIA erred in relying on that conviction in finding an aggravated felony and CSO. *See Tokatly v. Ashcroft*, 371 F.3d 613, 620–21 (9th Cir. 2004).[1]

2. The Government has not met its burden of showing that either of Ponte's remaining convictions under Arizona law—possession of drug paraphernalia and possession of marijuana—supports a finding of removability. Although the Government relies on Ponte's concession to the IJ that she was removable because of a CSO, the record is unclear as to which conviction forms the basis of the concession.[2] And there is nothing in the record to clarify which of Ponte's three convictions the Government relies upon for its CSO charge of removability. The amended Notice to Appear lists three prior convictions, without specifying which conviction relates to the CSO charge. Further, the IJ had the opportunity to clarify whether the agency sustained the CSO charge based on the paraphernalia conviction or the marijuana conviction, but the IJ simply sustained the CSO charge

[1] Because we find that Ponte's drug trafficking conviction cannot sustain the aggravated felony charge here, we need not consider whether the BIA erred in holding that Ponte was not prejudiced by the IJ's failure to provide a reasoned analysis for its decision to reconsider and sustain the aggravated felony charge.
[2] For instance, if the paraphernalia conviction forms the basis of Ponte's concession, then the Government may not be able to rely on the concession because of an intervening change of law.

without reference to any conviction. Moreover, the BIA's decision does not expressly rely upon the concession. If "the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

3. The BIA did not err, however, in finding Ponte ineligible for cancellation of removal. For eligibility, Ponte must show that she has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3). Ponte has not shown that her attempted manufacture conviction is *not* based on a federally controlled substance, and has thus failed to establish that she has not been convicted of a qualifying aggravated felony. *Pereida v. Wilkinson*, 141 S.Ct. 754, 763 (2021).

Accordingly, we **DENY** the petition for review in part and **GRANT** it in part, and remand to the agency to determine which conviction the Government relies upon as the basis for Ponte's removal and whether that conviction is a proper basis for removal. The parties shall bear their own costs.