NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PANKAJKARAN SINGH KATARIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-3737

Agency No.
A076-847-225

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024**

Before: OWENS, LEE, and DESAI, Circuit Judges.

Pankajkaran Singh Kataria ("Kataria"), a native and citizen of India, petitions

for review of a BIA decision affirming the denial of his application for deferral of

removal under the Convention Against Torture ("CAT"). Kataria entered the United

States in 1997 after Punjab police persecuted him on account of his involvement in

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a Sikh separatist political organization. He was granted asylum, withholding of removal, and CAT protection, and several years later, he became a lawful permanent resident. Three years after becoming a lawful permanent resident, Kataria committed aggravated kidnapping and aggravated assault in Utah. DHS issued a notice to appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for committing an aggravated felony and 8 U.S.C. § 1227(a)(2)(A)(i) for committing a crime involving moral turpitude. Kataria asserted a fear of torture if removed to India and applied for CAT relief.[1]

The immigration judge ("IJ") denied CAT relief, and the BIA affirmed. The BIA held that Kataria demonstrated he experienced past harm that rises to the level of torture. It nevertheless denied CAT relief because, considering the relevant factors, 8 C.F.R. § 208.16(c)(3), Kataria did not prove it was more likely than not that he would suffer future torture. The BIA primarily relied on Kataria's lack of evidence that the central government remained interested in him after nearly thirty years and country conditions reports indicating he could safely relocate within India.

We review whether a petitioner exhausted administrative remedies de novo, *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 961 (9th Cir. 2006), and factual findings supporting the denial of CAT relief for substantial evidence, *Arrey v. Barr*,

---

[1]    Kataria is not eligible to seek asylum or withholding of removal based on his conviction of a particularly serious crime. 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i).

916 F.3d 1149, 1157 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.	Kataria failed to exhaust any challenge to his removability and the fairness of his hearing. He argues that he is not removable because aggravated kidnapping does not constitute a crime of violence, but Kataria did not raise this argument before the BIA. His brief stated only that he "contests DHS charges of removability," but did not provide any grounds on which he challenged the charges. Even liberally construing Kataria's contention, this general statement is not sufficient to place the agency on notice of "which issues form the basis of the appeal." *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014), *abrogated on other grounds by Santos Zacaria v. Garland*, 598 U.S. 411 (2023) (quoting *Zara v. Ashcroft*, 383 F.3d 927, 920 (9th Cir. 2004)) (holding that a petitioner who challenged only whether the government sufficiently proved the elements of his conviction before the BIA did not exhaust a challenge to whether the conviction was categorically a controlled substances offense).

Kataria likewise failed to exhaust his due process related challenges. He argues that he did not receive a fair hearing before the IJ for several reasons, including that the IJ failed to probe for relevant facts, misrepresented evidentiary standards, and refused to consider evidence from all possible sources. His BIA brief did not include a due process challenge or mention any of Kataria's challenges to

3

the fairness of his hearing. This court thus cannot review the challenge. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (explaining that petitioners must exhaust due process challenges that are "procedural in nature").

2.     Substantial evidence supports the denial of Kataria's CAT claim. The BIA recognized that Kataria suffered past torture in India, but declined to find that he is more likely than not to experience future torture, primarily because he could relocate outside of Punjab to an area in which torture is not likely. Kataria argues that he cannot relocate within India because those who are wanted by the central Indian government cannot safely relocate. But the agency concluded that he did not establish he is wanted by the central Indian government. While the country conditions evidence suggests the police, at times, erroneously label individuals as high profile or chronic offenders—and thus they remain of interest wherever they go—the record does not compel the conclusion that Kataria is labeled or recognized as such.[2] *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019) (holding that a petitioner did not prove it was more likely than not that he would suffer torture when

---

[2]     To the extent Kataria separately challenges that the agency failed to consider all evidence relevant to the CAT claim, this challenge also fails. Kataria alleges that the agency failed to address a sentence in the country conditions report noting that "Punjab police at times wrongly place individuals involved in ordinary political activities on chronic offender lists." However, the record does not reflect that the agency overlooked this aspect of the country conditions report; instead, the agency did not find enough evidence in the record to suggest that Kataria remains on such a list.

the record evidence generally supported that the central Indian government is interested in only "high-profile militants"). Although some record evidence may support Kataria's argument, it does not compel the conclusion that he is more likely than not to suffer future torture. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) ("[U]nder the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." (internal quotations omitted) (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).

The petition is **DENIED.**